IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| REGINA LYN SWEARINGEN, | ) | CASE NO. 5:09 CV 997 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | WILLIAM H. BAUGHMAN, JR. |
| | ) | |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| Defendant. | ) | |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Regina Lyn Swearingen, for supplemental security income.  The parties have consented to magistrate judge's jurisdiction.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Swearingen had severe impairments consisting of asthma, allergies, an anxiety disorder, and fibromyalgia.[1]  The ALJ determined that Swearingen had the following residual functional capacity:

> Ms. Swearingen retains the following residual functional capacity:  She has no exertional limitations.  She must avoid concentrated exposure to fumes, odors, dusts, gases, and poorly ventilated areas.  She is limited to tasks that are simple, routine, and low-stress.  She is precluded from tasks that involve arbitration, negotiation, confrontation, directing the work of others, or being responsible for the safety of others.[2]

---

[1] Transcript ("Tr.") at 18.

[2] *Id.* at 19.

The ALJ decided that the above-quoted residual functional capacity rendered Swearingen able to perform her past relevant work.[3]  The ALJ, therefore, found Swearingen not under a disability.[4]

Swearingen asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record.  Specifically, Swearingen argues that the ALJ committed reversible error by not finding osteoarthritis of the left knee a severe impairment and by not imposing any exertional limitations for her fibromyalgia.

I conclude that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

### 1.    Standard of review

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. 42 U.S.C. § 405(g). However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive...." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is " 'more than a mere scintilla. It means such relevant

---

[3] *Id.* at 27.

[4] *Id.* at 28.

evidence as a reasonable mind might accept as adequate to support a conclusion.' "

The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[5]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[6] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[7]

I will review the findings of the ALJ at issue here consistent with that deferential standard. The relevant evidence from the administrative record will be discussed in detail as part of the following analysis.

**2.     The osteoarthritis of Swearingen's left knee**

Swearingen first complains that the ALJ erred by not finding the osteoarthritis of her left knee as a severe impairment at step two of the sequential evaluation process. Under the Sixth Circuit's decision in *Maziarz v. Secretary of Health and Human Services*,[8] the failure to properly characterize an impairment as severe at step two has no consequence where, as

----

[5] *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) (citations omitted).

[6] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06cv403, 2008 WL 399573, at *6 (S.D. Ohio Feb. 12, 2008).

[7] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[8] *Maziarz v. Sec'y of Health & Human Servs.*, 837 F.2d 240, 244 (6th Cir. 1987).

here, the ALJ moves on to complete the sequential evaluation analysis at steps four or five. The issue is whether the ALJ properly evaluated Swearingen's work-related limitations at step four.

In discussing the medical evidence in this case, the ALJ discussed Swearingen's complaints of left knee pain and medical evidence relating to those complaints.[9]  An MRI done in July of 2007 showed articular cartilage thinning, most prominent in the medial compartment, and intrasubstance degeneration in the medial meniscus, but no evidence of meniscal tear or major ligamentosis.[10]  The record contains no residual functional capacity opinion addressing this impairment.

Yolanda Duncan, M.D. did a consultative examination for the state agency.  Although she concluded that Swearingen may have difficulty with walking, extent of restriction unspecified, her assessment did not include any problem with the knee.[11]  The physical examination of the extremities resulted in no mention of a knee impairment,[12] and the testing of range of motion of the knee did not reveal any limitation.[13]  Although the ALJ decided to give Dr. Duncan's conclusions as to limitations no weight,[14] her objective medical testing of

---

[9] Tr. at 21, 22, 23, and 25.

[10] *Id.* at 437.

[11] *Id.* at 408.

[12] *Id.* at 407.

[13] *Id.* at 413.

[14] *Id.* at 25.

Swearingen revealed no problems with the knee.  Substantial evidence, therefore, supports the ALJ's finding that the osteoarthritis of the knee did not impose any limitations on Swearingen's work-related capabilities.

## 3.    Fibromyalgia

I have extensively commented on the proper analytical framework for fibromyalgia claims in *Swain v. Commissioner of Social Security*,[15] and those comments are incorporated here by reference.  The Sixth Circuit substantially adopted and applied this analytical framework in *Rogers v. Commissioner of Social Security*.[16]

Consistent with *Swain*, and relevant to this case, several observations are appropriate. Fibromyalgia is an impairment that defies diagnosis and assessment by objective clinical tests.[17]  Nevertheless, most persons with fibromyalgia are not totally disabled.[18]  The task of the ALJ in the first instance, and ultimately the reviewing court, is to make a reasoned judgment as to what limitations a claimant's fibromyalgia causes.

In making this judgment, the ALJ preferably has the benefit of the opinion of a qualified treating source who has properly evaluated and monitored the claimant over a meaningful time period.[19]  To have controlling or significant weight, the opinion must

---

[15] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 990 (N.D. Ohio 2003).

[16] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 243-44 (6th Cir. 2007).

[17] *Swain*, 297 F. Supp. 2d at 990.

[18] *Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996).

[19] *Swain*, 297 F. Supp. 2d at 990-97.

include an assessment of the claimant's ability to perform work-related activities such as lifting, carrying, standing, and walking.[20]  Conclusory opinions that the claimant is disabled are entitled to no deference.[21]

*Swain* does not require ALJs to accept the opinions of treating sources in fibromyalgia cases if evidence in the administrative record permits the discounting of such opinions. Where the treating notes of the opining physician do not support the opinion,[22] or the evidence as to credibility shows that the claimant is capable of more than the physician has opined,[23] the weight afforded to the treating source's opinion may be assigned accordingly.

Swearingen's case demonstrates that *Swain* does not compel a disability finding in every case in which the claimant has a rheumatologist's opinion diagnosing fibromyalgia. Here, one rheumatologist saw Swearingen twice, diagnosed fibromyalgia, and confirmed the presence of pain at certain trigger points.[24]  He prescribed Lyrica, which Swearingen refused to take because of concern with side effects.[25]

---

[20] *Id.* at 991.

[21] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 729 (N.D. Ohio 2005).

[22] *Wines v. Comm'r of Soc. Sec.*, 268 F. Supp. 2d 954, 958-60 (N.D. Ohio 2003).

[23] *Powers v. Apfel*, 207 F.3d 431, 435-36 (7th Cir. 2000).

[24] *Id.* at 429.  Two examinations are probably not sufficient to establish a treating relationship between Swearingen and this physician.  *Sebbern v. Astrue*, No. 1:08CV1768, 2010 WL 347978, at *14 n.3 (E.D. Cal. Jan. 29, 2010); *Brown v. Astrue*, CV-08-247, 2009 WL 2750726, at *7 (E.D. Wash. Aug. 25, 2009).

[25] *Id.* at 426.

Although it is error for an ALJ to analyze a fibromyalgia claim based merely on objective medical evidence because of the nature of that impairment, there must be a threshold showing that fibromyalgia existed of such severity as to merit work-related limitations.  Here medical records of rheumatologist James Goske, M.D. do not suffice to make out that threshold showing.  As stated by the Seventh Circuit in the *Sarchet v. Chater* case,[26] most persons with fibromyalgia are not totally disabled.  Dr. Goske's records offer no assessment of severity, and he expressed no opinion as to work-related limitations.  The ALJ properly articulated these deficiencies in his decision.[27]

## Conclusion

Substantial evidence supports the finding of the Commissioner that Swearingen had no disability.  Accordingly, the decision of the Commissioner denying Swearingen supplemental security income is affirmed.

IT IS SO ORDERED.

Dated:   September 24, 2010                          s/ William H. Baughman, Jr.
                                                     United States Magistrate Judge

---

[26] *Sarchet*, 78 F. 3d at 307.

[27] Tr. at 26.